**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DE JESUS CRUZ ESPARZA, | No.  18-70910 |
| Petitioner, | Agency No. A079-008-611 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2020
Seattle, Washington

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and CHHABRIA,**
District Judge.

Jose de Jesus Cruz Esparza ("Cruz") petitions for review of a decision of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

denial of his application for withholding of removal and for protection under the Convention Against Torture ("CAT"). We deny the petition.

Cruz claims he feared returning to Mexico because the Zeta cartel has threatened members of his family. In June 2013, a man approached Cruz's father, Edmundo, to buy a plot of land that Edmundo had inherited. Edmundo refused. Shortly thereafter, Edmundo and his brother, Andres, began receiving calls from the Zetas demanding that they sell the land. The callers told Edmundo that if he did not sell it, "something was going to happen to [Edmundo] or [Edmundo's] family."

That November, two Zeta members attacked Martha—Cruz's aunt—cutting her neck, hitting her in the face, and instructing her to tell Edmundo and Andres to sell the land. The calls to Edmundo threatened that the next attack would be "worse" or against Andres' children. However, Andres' children, Cruz's cousins, were not harmed.

In December, the Zetas attacked Edmundo, wounding his head and breaking his foot. The Zetas warned him that "something much more serious" would follow unless he sold the land. At the time of the hearing before the IJ in March 2014 the land had not been sold.

The IJ denied Cruz's application for withholding, assuming that his family qualified as a protected social group but reasoning that the harm was motivated

2

only by the Zetas' desire for land.  The IJ concluded that Cruz had failed to show nexus between his feared harm and his claimed protected ground of family membership.  The BIA affirmed. As an alternative ground, the IJ held that Cruz had failed to establish that he was unable to relocate within Mexico to avoid harm. The BIA agreed.  While the BIA addressed this on remand from our court on the issue of nexus, our remand did not prevent the BIA from considering relocation as well.

The BIA also affirmed the IJ's conclusion that Cruz's CAT claim failed because he had not shown a likelihood of torture.

*1. Withholding of removal*:

Substantial evidence supports the BIA's denial of withholding on the basis that Cruz can avoid harm by relocating within Mexico.  Relocation analysis involves considering (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so.  *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019).  Cruz points to general statements in the country conditions reports describing the dangers of drug traffickers, but he supplied no actual evidence suggesting that the Zetas would pursue him throughout Mexico.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). Indeed, Cruz has three cousins who live in Mexico, and there is no evidence that they have been harmed.  Cruz is young, healthy, fluent in Spanish, and has

marketable construction skills. The BIA properly concluded that he could relocate safely and that it would be reasonable to require him to do so.

Because substantial evidence supports the BIA's holding on relocation, we need not review whether Cruz failed to establish a sufficient nexus between the threatened harm and the assumed protected ground.

*2. Convention against Torture*:

The record does not compel a conclusion that Cruz will more likely than not suffer torture with the acquiescence of government officials if removed to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Given that no harm had come to his similarly situated cousins at the time of his hearing before the IJ, and given his failure to show that he cannot successfully relocate within Mexico, Cruz has not shown a likelihood of torture. Further, although Cruz testified that Martha reported her attack to the police, he did not know whether they investigated the incident and could only report that no arrests were made. Without more, this does not show government acquiescence for purposes of CAT. *See id.* at 1034.

**PETITION DENIED.**